**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0607-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAMELLE L. SINGLETARY,
a/k/a JAMELLE SINGELETARY,

     Defendant-Appellant.

_____

Submitted October 20, 2020 – Decided November 19, 2020

Before Judges Gilson and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 15-08-1110.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Ian C. Kennedy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jamelle L. Singletary and five others, including codefendant David Tadjiev, were charged in a multi-count indictment with crimes, including those related to the burglary of targeted homes in affluent areas of New Jersey and the fencing of property stolen therefrom to others in New York.[1] He pleaded guilty to second-degree conspiracy to commit theft (count one), second-degree conspiracy to traffic stolen property (count two) and first-degree conspiracy to commit money laundering (count three). He appeals from the denial of his postconviction relief (PCR) petition, arguing:

> POINT ONE
>
> THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS PLEA COUNSEL MUST EXPLAIN WHY HE ADVISED [DEFENDANT] TO PLEAD GUILTY TO FIRST-DEGREE CONSPIRACY TO COMMIT MONEY LAUNDERING WHEN HE DID NOT HAVE A CO-CONSPIRATOR.
>
> POINT TWO
>
> THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS PLEA COUNSEL MUST EXPLAIN WHY HE ADVISED [DEFENDANT] TO PLEAD GUILTY TO

---

[1] Defendant was charged in fifteen counts, twelve of which alleged first-, second-, or third-degree conspiracy to commit offenses related to theft, money laundering, trafficking in stolen property, burglary, causing pecuniary loss, hindering apprehension and drug distribution.

FIRST-DEGREE CONSPIRACY TO COMMIT MONEY LAUNDERING WHEN THE STATUTORY MONEY AMOUNT WAS NOT VALUED AT $500,000.00 OR MORE.

Reviewing the factual inferences drawn by PCR court from the record and its legal conclusions de novo because the court did not conduct an evidentiary hearing, State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016), we determine defendant did not present a prima facie case of ineffective assistance of counsel and affirm.

To support his argument that his counsel ineffectively advised him to plead guilty, defendant cites to a newspaper article reporting Tadjiev "pleaded guilty to three counts of receiving stolen property, all second[-]degree offenses." He reasons, because Tadjiev did not plead guilty to and was not convicted of conspiracy to commit money laundering he "could not have conspired with him[.]"

First, we do not see that the newspaper article was presented during any Law Division proceeding, including the PCR hearing; no transcript lists it—or any other item—as an exhibit marked for identification or in evidence. "An appellate court, when reviewing trial errors, generally confines itself to the record." State v. Harvey, 151 N.J. 117, 201-02 (1997); see also R. 2:5-4(a). Our consideration of the article would sanction defendant's violation of Rule 2:5-

3

4(a). Moreover, the State has appended Tadjiev's judgment of conviction—of which we take judicial notice as a court record, N.J.R.E. 202(b); N.J.R.E. 201(b)(4)—showing Tadjiev pleaded guilty to the same conspiracy to commit money laundering count to which defendant pleaded, albeit as amended to second-degree. Thus, we need not address defendant's meritless argument based on the erroneous contention that the money-laundering conspiracy against Tadjiev was dismissed.

We also note Tadjiev was sentenced on May 2, 2017, six months after defendant pleaded guilty. As such, all charges against Tadjiev were viable when defendant pleaded guilty and when he was sentenced in February 2017. Counsel's advice to plead guilty—assuming that advice was given—did not constitute an error "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 52 (1987).[2]

---

[2]  To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58, (1987), first by showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," then by proving he suffered prejudice due to counsel's deficient performance, Strickland, 466 U.S. at 687, 691-92; see also Fritz, 105 N.J. at 52. Defendant must show by a "reasonable probability" that the deficient performance affected the outcome. Fritz, 105 N.J. at 58.

A-0607-18T4

We also reject defendant's argument that his counsel was ineffective for failing to ascertain that the amount of money laundered exceeded $500,000, the statutory element needed to establish that a crime under N.J.S.A. 2C:21-25(a) or (b)—as charged in the third count—was a first-degree crime. N.J.S.A. 2C:21-27(a).

When a defendant "claims his [or her] trial attorney inadequately investigated his [or her] case, he [or she] must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (citing R. 1:6-6). "[B]ald assertions" of deficient performance are insufficient to support a PCR application. Ibid.; see also State v. Porter, 216 N.J. 343, 356-57 (2013) (reaffirming these principles in evaluating which of a defendant's various PCR claims warranted an evidentiary hearing). In other words, a defendant must identify what the investigation would have revealed and demonstrate the way the evidence probably would have changed the result. Fritz, 105 N.J. at 64-65.

Defendant has made nothing more than a bald assertion that an investigation would have revealed the State's proofs to be insufficient to support

A-0607-18T4

a first-degree money-laundering conviction.  Indeed, he has not performed the investigation which he complains his counsel neglected, and he has not shown the amount of money laundered—which defendant admitted under oath during the plea colloquy exceeded $500,000—was less than the first-degree threshold. "Defendant may not create a genuine issue of fact, warranting an evidentiary hearing, by contradicting his prior statements without explanation." Blake, 444 N.J. Super. at 299.  And, an evidentiary hearing is not to be used to explore PCR claims.  See State v. Marshall, 148 N.J. 89, 157-58 (1997).  Defendant's bald assertions about counsel's ineffectiveness, belied by the record, do not establish a prima facie claim.

Defendant's PCR petition was properly denied without an evidentiary hearing.  Any of defendant's arguments not expressly addressed are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Inasmuch as the State, in its merits brief, adverted to an error in the judgment of conviction, the trial court should amend counts one and two of the judgment to reflect the correct ten-year sentences meted out by the sentencing judge as reflected in the sentencing transcript, not the twelve-year sentences set forth on the judgment of conviction.  See State v. Pohlabel, 40 N.J. Super. 416,

6

423 (App. Div. 1956). We remand for that limited purpose and do not retain jurisdiction; otherwise, affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0607-18T4